UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/14/10___
```

-------------------------------------------------------------x

JOSEPH GARCIA a/k/a JODI BLACK,

        Plaintiff,

- against -

                                 09 Civ. 4686 (CM)

THE CITY OF NEW YORK
MAYOR MICHAEL BLOOMBERG
NYPD COMMISSIONER RAYMOND KELLY
POLICE OFFICER JOHN DOE SHIELD #887173
POLICE OFFICER JOHN DOE SHIELD #931850
AND, All Unknown NYPD Police Officers Sued
in Their Individual Capacities

        Defendants.

-------------------------------------------------------------x

### DECISION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

#### OVERVIEW

      Plaintiff, who is proceeding pro se, alleges that he was twice arrested without

probable cause–the first time on April 14, 2006, and the second on January 4, 2007.

After the first arrest, plaintiff contends that he was wrongfully imprisoned for 40 days

before charges against him were dropped by the Manhattan District Attorney's office.

Plaintiff admits that he was found in possession of "weed" at the time of the second

arrest, and public records reveal that plaintiff pled guilty to a disorderly conduct charge

(NY Penal § 240.20) on January 30, 2007, and received a sentence of five days

imprisonment.  (Def.'s Ex. B, Certificate of Disposition.)

      Based on these two events, plaintiff sues the City, the Mayor and the Police

Commissioner, as well as several "John Doe" defendant police officers (two of whom are

1

Copies mailed/faxed/handed to counsel on 7/14/10

identified by shield number). Plaintiff has not asked the City to identify any of the John

Doe defendants and none has been served, although more than 120 days have passed

since the filing of the complaint.

The City, on behalf of the Mayor and Police Commissioner, moves to dismiss, on

the ground that neither was personally involved in the incidents underlying the complaint.

Plaintiff seeks to have the Mayor and Police Commissioner held liable on the theory that

they "have created and allowed the unconstitutional policy or custom of the NYPD to

subject innocent people to the unconstitutional misconduct . . ." (Am. Compl. 4 at ¶ 10.)

The City also moved for dismissal of claims against any John Doe defendants.

The motion to dismiss is granted.

## DISCUSSION

### I.      Legal Standard

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must

liberally construe all claims, accept all factual allegations in the complaint as true, and

draw all reasonable inferences in favor of the plaintiff. See Cargo Partner AG v.

Albatrans, Inc., 352 F.3d 41, 44 (2d Cir. 2003); see also Roth v. Jennings, 489 F.3d 499,

510 (2d Cir. 2007).

To survive a motion to dismiss, "a complaint must contain sufficient factual

matter . . . to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129

S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). "While a complaint

2

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations, citations, and alterations omitted). Thus, unless a plaintiff's well-pleaded allegations have "nudged [its] claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Id. at 570; Iqbal, 129 S. Ct. at 1950-51.

Despite this recent tightening of the standard for pleading a claim, complaints by pro se parties continue to be accorded more deference than those filed by attorneys. Erickson v. Pardus, 551 U.S. 89, 127 (2007). So Twombly and Iqbal notwithstanding, this Court must continue to "construe [a complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests. Weixel v. Bd. of Educ., 287 F. 3d 138, 146 (2d Cir. 2002). Pro se pleadings must be interpreted "to raise the strongest argument that they suggest." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006).

## II.    False Arrest and Malicious Prosecution—One Arising Out of Each of Two Arrests

Plaintiff Garcia claims he was falsely arrested and maliciously prosecuted twice, once arising out of his April 14, 2006, arrest and once arising out of his January 4, 2007, arrest. (Am. Compl. 2 at ¶ 1, 4 at ¶ 8.) The Court examines them individually, taking the second arrest first, because it is the easiest to dispose of.

### A.    Claims Arising From Arrest on January 4, 2007

"[T]he elements of a claim of false arrest under Section 1983 are substantially the same as the elements of a false arrest claim under New York law." See Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992). Under New York law, a Section 1983 claim for false

3

arrest is substantially the same as a claim for unlawful imprisonment. <u>Weyant v. Okst</u>, 101 F.3d 845, 852 (2d Cir. 1996). The elements of a false arrest claim under New York law are: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." <u>Singer v. Fulton County Sheriff</u>, 63 F.3d 110, 118 (2d Cir. 1995) (internal citation omitted). When there is probable cause for the arrest, the confinement is considered privileged. <u>Id.</u>

"To sustain a Section 1983 claim of malicious prosecution, a plaintiff must demonstrate conduct by the defendant that is tortious under state law and that results in a constitutionally cognizable deprivation of liberty." <u>See</u> <u>Kinzer v. Jackson</u>, 316 F.3d 139, 143 (2d Cir. 2003) (citations omitted). Under New York law, to state a claim for "malicious prosecution, a plaintiff must show: (1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." <u>Id.</u> (citations omitted). The Second Circuit Court of Appeals has stated that a "favorable termination is not so much an element of a malicious prosecution claim as it is a prerequisite to commencement of the action." <u>Jenetka v. Dabe</u>, 892 F.2d 187, 189 (2d Cir. 1989).

Here, the claims for false arrest and malicious prosecution arising out of the second incident are easily dismissed. Plaintiff specifically pleads that he had some "weed" on his person when he was arrested on January 4, 2007. (Am. Compl. at 4 ¶ 9.) Possession of marijuana violates the law. The police thus had probable cause to arrest plaintiff.

4

Furthermore, there is no claim here for malicious prosecution. The City supplies a public record, a certificate of disposition, which indicates that the plaintiff pled guilty to disorderly conduct on January 30, 2007. (Def.'s Ex. B.) Plaintiff obviously knew about his plea when he drafted his complaint, so the court is free to consider the contents of the certificate of disposition. A litigant cannot plead around inconvenient dispositive facts—and the fact that the underlying criminal proceeding did not terminate in his favor is an inconvenient dispositive fact—in order to survive a motion to dismiss; courts do not have to allow themselves to be gamed by "artful pleading." Cortec Industries, Inc. v. Sum Holding L.P., 949 F.2d 42, 44 (2d Cir. 1991).

Because no claim for false arrest or unlawful imprisonment or malicious prosecution arising out of the January 4, 2007 arrest has been or could be successfully pleaded, plaintiff's Section 1983 claims arising in connection with that arrest and prosecution are dismissed with prejudice against all defendants.

**B.    Claims Arising From Arrest on April 14, 2006**

The false arrest and malicious prosecution claim arising out of Plaintiff's first arrest is not as easily dispatched.

Plaintiff alleges that he was arrested (on unspecified grounds) and charged (with an unspecified crime), but contends that the District Attorney declined to prosecute him (Am. Compl. 3 at ¶ 6), so the proceeding terminated in his favor. Although he does not use legal terminology, a liberal reading of the complaint (which I must give it) suggests that plaintiff was "innocent," and so had done nothing to warrant the arrest—i.e., there was no probable cause. (Am. Compl. 3 at ¶ 5.) That is sufficient to plead a claim for false arrest and false imprisonment. Whether the facts bear out this pleading would be

for the future–if plaintiff had sued someone who could be held liable for this arrest.

However, plaintiff has sued only Mayor Boomberg and Police Commissioner Kelly, and

the complaint does not allege a single fact tying them to his 2006 arrest. The lack of any

allegation of personal involvement by a named defendant is fatal to any claim against him

under Section 1983.  Williams v. Smith, 781 F.2d 319, 323 (2d Cir. 1986).

I assume, for purposes of argument, that plaintiff's conclusory allegations about the

existence of a Bloomberg-Kelly-inspired "policy or custom of the NYPD to subject

innocent people to the unconstitutional misconduct" is an effort to tie the Mayor and the

Police Commissioner to plaintiff's arrests.  However, no facts are pleaded to support the

allegation of the existence of a policy; the only facts pleaded are about plaintiff's two

encounters with the New York Police Department, one of which, by plaintiff's own

admission, was perfectly founded.  Plaintiff's own situation consists of a single allegedly

false arrest—and  one arrest does not a "pattern" make.  See McGrath v. Dominican

College of Blauvelt, New York, 672 F.Supp.2d 477, 491 (S.D.N.Y. 2009).  "A custom or

policy cannot be shown by pointing to a single instance of unconstitutional conduct by a

mere employee of the State."  Newton v. City of New York, 566 F. Supp.2d 256, 270-

71 (S.D.N.Y. 2008).

    Therefore, the claim for false arrest/false imprisonment must be dismissed as

against the sued defendants.

     Plaintiff could have sued the officers who arrested him in April 2006 for arresting

and imprisoning him without probable cause.  However, he has neither identified nor

served any police officers who were actually involved in his April 14 arrest and/or the

subsequent prosecution.  The City has moved on behalf of the John Doe defendants to

dismiss for failure to serve them with process within 120 days of the issuance of the summons, which occurred on May 19, 2009.[1]  That motion is granted. <u>See</u> Fed. R. Civ. P. 4(m).

Ordinarily, when a complaint is dismissed for failure to serve, dismissal is without prejudice, so the plaintiff can refile and serve the missing defendants.  The problem for plaintiff is that today—over four years after the incident occurred—it is too late to re-commence this action against the unserved officer defendants.  Therefore, in this instance, dismissal must be with prejudice.

The statute of limitations on a Section 1983 false arrest claim is three years from the date the violation accrued, here the date of plaintiff's release from jail.  <u>See</u> <u>Owens v. Okure</u>, 488 U.S. 235, 235 (1989).  Applying the statute here, the three years began forty days after  May 24, 2006,  40 days after the first arrest, when the District Attorney declined to prosecute.  So the arresting and/or charging officers had to be sued by May 24, 2009.

For limitations purposes, as noted in Footnote 1, the case was filed on March 23, 2009, 62 days before the limitations period was due to run.  And the statute of limitations was tolled during the Rule 4(m) 120-day period following May 19, 2009, or until September 16, 2009, for the purpose of effecting service on the defendants.  <u>Frasca v. United States</u>, 921 F.2d 450, 451 (2d Cir. 1990).  However, if a plaintiff's action is dismissed for failure to serve within 120 days, "the governing statute of limitations again

---

[1] The complaint was filed, for the purpose of tolling the statute of limitations, on March 23, 2009, when it was received in the Pro Se Office of this Court. The summons issued on the date the case was docketed, which was May 19, 2009. The 120 days for service ran from that date. Because he filed pro se, plaintiff in effect received the benefit of an extra 57 days–for a total of 177 days–to identify and serve the John Doe defendants.

becomes applicable, and the plaintiff must refile prior to [its] termination...." Zapata v. City of New York, 502 F. 3d 192, 194 (2d Cir. 2007).

The dismissal of this action against the unserved defendants on July 14, 2010, occurs well beyond the expiration of the governing limitations period, which occurred on May 24, 2009. Therefore, it would be futile for plaintiff to refile his claim for false arrest/false imprisonment arising out of the first arrest; that claim must be dismissed with prejudice as against all defendants.

The fact that plaintiff identified two officers by shield number in the caption of his complaint does not alter the fact that he had to serve them with process within 120 days of May 19, 2009 in order to comply with Fed. R. Civ. P. 4(m). Plaintiff neither sought to serve these defendants nor asked the City who they were, either before the expiration of the Rule 4(m) period or, as far as the court knows, at any time up until today. Nor did he seek an extension of time to serve them. It is now July 2010; any such request would come too late.

The above discussion disposes of plaintiff's malicious prosecution claim arising out of his first arrest as well. (Am. Compl. at 3 ¶ 7.) Again, plaintiff has not asserted that claim against any individual who was involved in instituting or maintaining proceedings against him. He has not identified or served the officer who swore out the complaint against him. He cannot maintain an action against the City under Section 1983 for malicious prosecution without identifying some individual who maliciously prosecuted him—and also without also identifying, with well-pleaded facts, some policy or practice that would allow liability for that individual's constitutional tort to attach to the City. Monell v. Dept. of Social Services of City of NY, 436 U.S. 658, 690 (1978). No viable

8

claim for malicious prosecution can be asserted against the Mayor or Commissioner Kelly in the absence of some factual allegation (not simply a conclusory statement) that they were somehow involved in or responsible for pressing charges against the plaintiff. No such allegation appears in the Complaint.

Therefore, plaintiff's Section 1983 claims arising out of his first arrest and the subsequent prosecution are also dismissed.

## II.    POSSIBLE STATE LAW CLAIMS

The City, in its motion to dismiss, wastes a great deal of time on issues relating to state claims. (Def.'s Mem. of Law 17)  No state law claims have been asserted in the complaint before the court.  Were one to try to read state law claims into the complaint, however, they would have to be dismissed because there is no allegation that the plaintiff ever filed a notice of claim with the City—let alone that he did so within 90 days of either arrest.  See NY Gen. Mun. L. § 50-e.  The filing of a timely notice of claim is an absolute predicate to suit on a claim arising under state law.  See Barchet v. New York City Transit Authority, 20 N.Y.2d 1, 6 (1967).

Furthermore, any action on state claims had to be commenced within one year and ninety days of the accrual of the action.  See NY Gen. Mun. L. § 50-i.  One year and ninety days from the first arrest—the only potentially actionable arrest in this case— passed on August 24, 2007.  (Am. Compl. 2 at ¶ 1.)  This action was not commenced until March 23, 2009.  Therefore, the complaint not only does not plead any viable state law claim, it could not plead any viable law claim.

## CONCLUSION

The motion to dismiss (Docket No. 6) is granted.  The Clerk of the Court is

directed to close the file. This constitutes the decision and order of the Court.

Dated: July 14, 2010

_____

U.S.D.J.

BY MAIL TO ALL PARTIES

Mr. Joseph Garcia
Plaintiff *Pro Se*
Downstate Correctional Facility, Box F,
Red Schoolhouse Road
Fishkill, N.Y. 12524

Mr. Matthew Weir
Assistant Corporation Counsel
New York City Law Department
100 Church Street
New York, NY 10007

10